UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability company; LULULEMON ATHLETICA CANADA INC., a Canadian corporation,

Plaintiffs,

v.

KENETTE LUNA, an individual; JONATHAN PARIS, an individual; SUNGLASSTREE LLC, a Wyoming limited liability company; DAVID JACOBS, an individual; NORTHSHORE DISTRIBUTION LLC, a Maryland limited liability company; HUTHAIFA MANZALAWI, an individual; MALEK ZUETER, an individual; AYLA GOODS INC., an Illinois corporation; AYLA INC., an Illinois corporation; and DOES 1-10,

Defendants.

No.

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

## I. INTRODUCTION

1. This case involves Defendants' unlawful and expressly prohibited sale of counterfeit belt bags bearing the trademarks of lululemon athletica canada inc. ("lululemon"). Plaintiffs Amazon.com, Inc. and Amazon.com Services LLC (together, "Amazon") and lululemon jointly bring this lawsuit to permanently prevent and enjoin Defendants from causing



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

future harm to Amazon's and lululemon's customers, reputations, and intellectual property ("IP"), and to hold Defendants accountable for their illegal actions.

2. Amazon.com Services LLC owns and operates the Amazon.com store (the "Amazon Store"), and Amazon's affiliates own and operate equivalent counterpart international stores and websites. Amazon's stores offer products and services to customers in more than 100 countries around the globe. Some of the products are sold directly by Amazon entities, while others are sold by Amazon's numerous third-party selling partners. The Amazon brand is one of the most well-recognized, valuable, and trusted brands in the world. To protect its customers and safeguard its reputation for trustworthiness, Amazon invests heavily in both time and resources to prevent counterfeit and infringing goods from being sold in its stores. Amazon has invested billions of dollars and employed thousands of people—including machine learning scientists, software developers, and expert investigators—who are dedicated to protecting customers, brands, selling partners, and Amazon's stores from counterfeits, fraud, and other forms of abuses.

3. lululemon is a path-breaking athletic and lifestyle apparel company founded in 1998 in Vancouver, British Columbia, Canada. lululemon designs, manufactures, and distributes innovative, unique, and high-performing apparel, footwear, and accessories that have achieved remarkable consumer success. Since its inception, lululemon has been pioneering products that are sought after by athletes as well as a growing core of consumers who desire everyday performance wear consistent with their active lifestyles. As a design and innovation-led company, lululemon has invested substantial effort and resources to develop, promote, and protect its brands and innovations. lululemon's product design process is driven by extensive research, guest feedback, and testing to develop high-performance products with innovative design concepts, impressive construction techniques, and strategic fits. As a result, consumers in the United States and around the world recognize, enjoy, and rely upon lululemon's trademarks and creative designs as signifiers of lululemon's high-quality and high-performance products, placing lululemon among the most recognizable athletic and lifestyle apparel in the world.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

4. lululemon owns, manages, enforces, licenses, and maintains IP, including various trademarks. Relevant to this Complaint, lululemon owns the following registered trademarks (the "lululemon Trademarks").

| **Mark** | **Registration No. (International Classes)** |
|---|---|
| lululemon | 6,166,483 (018, 025, 027, 028, 035, 041) |
| | 8,209,914 (018, 025, 035) |

True and correct copies of the registration certificates for the lululemon Trademarks are attached as **Exhibit A**.

5. Beginning in 2018, Defendants registered with Amazon to sell in the Amazon Store. At various times,[1] Defendants advertised, marketed, offered, distributed, and sold counterfeit lululemon-branded belt bags in the Amazon Store, using the lululemon Trademarks, without authorization, in order to deceive customers about the authenticity and origin of the products and the products' affiliation with lululemon.

6. As a result of their illegal actions, Defendants have infringed and misused lululemon's IP; breached their contracts with Amazon; willfully deceived and harmed Amazon, lululemon, and their customers; compromised the integrity of the Amazon Store; and undermined the trust that customers place in Amazon and lululemon. Defendants' illegal actions have caused Amazon and lululemon to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from inflicting future harm to Amazon, lululemon, and their customers.

[1] On information and belief, Defendants sold other variations of counterfeit lululemon-branded belt bags in addition to the listings Plaintiffs authenticated as set forth in Attachment 1. Therefore, the dates listed in Attachment 1 do not cover the entire period of Defendants' counterfeit sales.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

## II. PARTIES

7. Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington. Amazon.com Services LLC is a Delaware limited liability company with its principal place of business in Seattle, Washington.

8. lululemon athletica canada inc. is a Canadian corporation with its principal place of business in Vancouver, Canada.

9. Defendants are a collection of individuals and entities, both known and unknown, who conspired and operated in concert with each other to engage in the counterfeiting scheme alleged in this Complaint. Defendants operated, controlled, and/or were responsible for the selling accounts detailed in **Attachment 1** (the "Selling Accounts"). Defendants are subject to liability for their wrongful conduct both directly and under principles of secondary liability including, without limitation, *respondeat superior*, vicarious liability, and/or contributory infringement.

10. On information and belief, Defendant Kenette Luna ("Luna") is an individual residing in California. Defendant Luna personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and he derived a direct financial benefit from that wrongful conduct with respect to the ThankYouBuyers Selling Account. On information and belief, Defendant Luna acted in concert with the other individuals and entities who operated the Selling Accounts.

11. On information and belief, Defendant Jonathan Paris ("Paris") is an individual residing in California. Defendant Paris is the owner, manager, and/or controlling person of Defendant Sunglasstree LLC ("Sunglasstree"). Defendant Paris personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and he derived a direct financial benefit from that wrongful conduct with respect to the MS Investments Selling Account. On information and belief, Defendant Paris acted in concert with the other individuals and entities who operated the Selling Accounts.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

12. On information and belief, Defendant Sunglasstree is a Wyoming limited liability company that is currently dissolved. On information and belief, Defendant Sunglasstree participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and it derived a direct financial benefit as a result of that wrongful conduct with respect to the MS Investments Selling Account. On information and belief, Defendant Sunglasstree acted in concert with the other individuals and entities who operated the Selling Accounts.

13. On information and belief, Defendant David Jacobs ("Jacobs") is an individual residing in Maryland. Defendant Jacobs is the owner, manager, and/or controlling person of Defendant NorthShore Distribution LLC ("NorthShore"). Defendant Jacobs personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and he derived a direct financial benefit from that wrongful conduct with respect to the Top Brand Offerings Selling Account. On information and belief, Defendant Jacobs acted in concert with the other individuals and entities who operated the Selling Accounts.

14. On information and belief, Defendant NorthShore is a Maryland limited liability company. On information and belief, Defendant NorthShore personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and it derived a direct financial benefit from that wrongful conduct with respect to the Top Brand Offerings Selling Account. On information and belief, Defendant NorthShore acted in concert with other individuals and/or entities who operated the Selling Accounts.

15. On information and belief, Defendant Huthaifa Manzalawi ("Manzalawi") is an individual residing in Illinois. Defendant Manzalawi is the owner, president, and/or controlling person of Defendants Ayla Goods Inc. ("Ayla Goods") and Ayla Inc. ("Ayla"). Defendant Manzalawi personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and he derived a direct financial benefit from that wrongful conduct with respect to the AYLA Direct Selling Account. On information



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

and belief, Defendant Manzalawi acted in concert with other individuals and/or entities who operated the Selling Accounts.

16. On information and belief, Defendant Malek Zueter ("Zueter") is an individual residing in New Jersey. Defendant Zueter personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and he derived a direct financial benefit from that wrongful conduct with respect to the AYLA Direct Selling Account. On information and belief, Defendant Zueter acted in concert with other individuals and/or entities who operated the Selling Accounts.

17. On information and belief, Defendant Ayla Goods is a now dissolved Illinois corporation. Defendant Ayla Goods personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and it derived a direct financial benefit from that wrongful conduct with respect to the AYLA Direct Selling Account. On information and belief, Defendant Ayla Goods acted in concert with other individuals and/or entities who operated the Selling Accounts.

18. On information and belief, Defendant Ayla is an Illinois corporation. Defendant Ayla personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and it derived a direct financial benefit from that wrongful conduct with respect to the AYLA Direct Selling Account. On information and belief, Defendant Ayla acted in concert with other individuals and/or entities who operated the Selling Accounts.

19. On information and belief, Defendants Does 1-10 (the "Doe Defendants") are individuals and/or entities working in active concert with each other and the named Defendants to knowingly and willfully manufacture, import, advertise, market, offer, distribute, and sell counterfeit lululemon-branded products. The identities of the Doe Defendants are presently unknown to Plaintiffs.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

## III. JURISDICTION AND VENUE

20. The Court has subject matter jurisdiction over lululemon’s Lanham Act claim for trademark counterfeiting and trademark infringement, and Amazon’s and lululemon’s Lanham Act claims for false designation of origin, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). The Court has subject matter jurisdiction over Amazon’s breach of contract claim and Amazon’s and lululemon’s claims for violation of the Washington Consumer Protection Act, pursuant to 28 U.S.C. §§ 1332 and 1367.

21. The Court has personal jurisdiction over Defendants because they transacted business and committed tortious acts within and directed to the State of Washington, and Amazon’s and lululemon’s claims arise from those activities. Defendants affirmatively undertook to do business with Amazon, a corporation with its principal place of business in Washington, and sold in the Amazon Store products bearing counterfeit versions of the lululemon Trademarks and which otherwise infringed lululemon’s IP. Additionally, Defendants shipped products bearing counterfeit versions of the lululemon Trademarks to consumers in Washington. Each Defendant committed, or facilitated the commission of, tortious acts in Washington and has wrongfully caused Amazon and lululemon substantial injury in Washington.

22. Further, Defendants have consented to the jurisdiction of this Court by agreeing to the Amazon Services Business Solutions Agreement (“BSA”), which provides that the “Governing Courts” for claims to enjoin infringement or misuse of IP rights and claims related to the sale of counterfeit products in the Amazon Store are the state or federal courts located in King County, Washington.

23. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the Western District of Washington. Venue is also proper in this Court because Defendants consented to it under the BSA.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

24. Pursuant to Local Civil Rule 3(e), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) Amazon resides, (b) injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct.

## IV. FACTS

### A. Amazon's Efforts to Prevent the Sale of Counterfeit Goods.

25. Amazon works hard to build and protect the reputation of its stores as places where customers can conveniently select from a wide array of authentic goods and services at competitive prices. Amazon invests vast resources to ensure that when customers make purchases in Amazon's stores—either directly from Amazon entities or from one of its millions of third-party sellers—customers receive authentic products made by the true manufacturer of those products.

26. A small number of bad actors seek to take advantage of the trust customers place in Amazon by attempting to create Amazon selling accounts to advertise, market, offer, distribute, and sell counterfeit products. These bad actors seek to misuse and infringe the trademarks and other IP of the true manufacturers of those products to deceive Amazon and its customers. This unlawful and expressly prohibited conduct undermines the trust that customers, sellers, and manufacturers place in Amazon, and tarnishes Amazon's brand and reputation, thereby causing irreparable harm to Amazon.

27. Amazon prohibits the sale of inauthentic and fraudulent products and is constantly innovating on behalf of its customers and working with brands, manufacturers, rights owners, and others to improve the detection and prevention of counterfeit products from ever being offered to customers in Amazon's stores. Amazon employs dedicated teams of software engineers, research scientists, program managers, and investigators to prevent counterfeits from being offered in Amazon's stores. Amazon's systems automatically and continuously scan thousands of data points to prevent, detect, and remove counterfeits from its stores and to terminate the selling accounts of bad actors before they can offer counterfeit products. When Amazon identifies issues based on this feedback, it takes action to address them. Amazon also



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

uses this intelligence to improve its proactive prevention controls. In 2025, Amazon's proactive controls blocked more than 99.9% of suspected infringing listings before a brand ever had to find and report them.

28. In 2017, Amazon launched Brand Registry, a free service that offers rights owners an enhanced suite of tools for monitoring and reporting potential instances of infringement, regardless of whether they sell in Amazon's stores. Brand Registry delivers automated brand protections that use machine learning to predict infringement and proactively protect brands' IP. Brand Registry also provides a powerful Report a Violation Tool that allows brands to search for, identify, and report potentially infringing products using state-of-the-art image search technology.

29. In 2018, Amazon launched Transparency, a product serialization service that prevents counterfeits from reaching customers for enrolled products. Brands enrolled in Transparency can apply a unique 2D code to every unit they manufacture, which allows Amazon, other retailers, law enforcement, and customers to determine the authenticity of any Transparency-enabled product, regardless of where the product was purchased. More than 2.75 billion product units have been verified as genuine through Amazon's Transparency program.

30. In 2019, Amazon launched Project Zero, a program to empower brands to help Amazon drive counterfeits to zero. Project Zero introduced a novel self-service counterfeit removal tool that enables brands to remove counterfeit listings directly from Amazon's stores. This enables brands to take down counterfeit product offerings on their own within minutes. Since launch, more than 35,000 brands have enrolled in Project Zero.

31. Amazon uses advanced technology and expert human reviewers to verify the identities of potential sellers. When prospective sellers apply to sell in Amazon's stores, they are required to provide government-issued photo IDs, business credentials, bank statements, and proof of address—cross-checked against internal and external databases where possible. Amazon employs advanced identity detection methods such as document forgery detection, image and video verification, and other technologies to quickly confirm the authenticity of government-



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

issued IDs and whether such IDs match the individual applying to sell in Amazon's stores. In addition to verifying IDs, Amazon's systems analyze numerous data points, including behavior signals and connections to previously detected bad actors, to detect and prevent risks.

32. Similarly, throughout the selling experience in Amazon's stores, Amazon's systems monitor selling accounts to identify anomalies or changes in account information, behaviors, and other risk signals. In the event that Amazon identifies a risk of fraud or abuse, it promptly initiates an investigation using automated and/or human review, may request additional information, and swiftly removes bad actors from its stores.

33. In addition to the measures discussed above, Amazon actively cooperates with rights owners and law enforcement to identify and prosecute bad actors suspected of engaging in illegal activity. Lawsuits, like this one, as well as criminal referrals, are integral components of Amazon's efforts to combat counterfeits and other inauthentic products. Since its launch in 2020, Amazon's Counterfeit Crimes Unit has pursued more than 32,000 bad actors through litigation and criminal referrals to law enforcement.

**B. lululemon and Its Anti-Counterfeiting Efforts.**

34. lululemon invests substantial effort and resources to protect its brands and innovations. lululemon utilizes both internal and external resources to combat counterfeit and infringing products. lululemon also works with a third-party brand protection service vendor on the detection and removal of product listings violating their IP rights.

35. lululemon is currently enrolled in Brand Registry. lululemon has actively used the tools and protections provided by this program since 2020, and it used this program in response to the counterfeiting activity described in this Complaint.

**C. Defendants Created Amazon Selling Accounts, Agreed Not to Sell Counterfeit Goods, Agreed to Provide Accurate Information to Amazon, and Agreed to Reimburse Amazon for Damages Arising from Customer Refunds.**

36. At various times between June 2018 and May 2025, Defendants established, controlled, and operated the Selling Accounts listed in Attachment 1. At various times, Defendants used these Selling Accounts to advertise, market, offer, distribute, and sell



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

counterfeit lululemon-branded belt bags. In connection with these Selling Accounts, Defendants provided Amazon with names, email addresses, phone numbers, a tax identification number, bank information, and either government-issued identification for an individual acting on behalf of the Selling Account or a copy of a government-issued record or tax document for the entity operating the Selling Account.

37. To become a third-party seller in the Amazon Store, an applicant is required to agree to the BSA, which governs the seller's access to and use of Amazon's services and states Amazon's rules for selling in the Amazon Store. By entering into the BSA, each seller represents and warrants that it "will comply with all applicable Laws in [the] performance of its obligations and exercise of its rights" under the BSA. A true and correct copy of the applicable version of the BSA, namely, the version Defendants last agreed to when using Amazon's services, is attached as **Exhibit B**.

38. Under the terms of the BSA, Amazon specifically identifies the sale of counterfeit goods as "deceptive, fraudulent, or illegal activity" that violates Amazon's policies, and Amazon reserves the right to withhold payments and terminate the selling account of any bad actor who engages in such conduct. Ex. B ¶¶ 2-3. The BSA requires the seller to defend, indemnify, and hold Amazon harmless against any claims or losses arising from the seller's "actual or alleged infringement of any Intellectual Property Rights." *Id.* ¶ 6.1.

39. Additionally, the BSA incorporates, and sellers therefore agree to be bound by, Amazon's Anti-Counterfeiting Policy, the applicable version of which is attached as **Exhibit C**. The Anti-Counterfeiting Policy expressly prohibits the sale of counterfeit goods in the Amazon Store:

- The sale of counterfeit products is strictly prohibited.
- You may not sell any products that are not legal for sale, such as products that have been illegally replicated, reproduced, or manufactured[.]
- You must provide records about the authenticity of your products if Amazon requests that documentation[.]



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

> Failure to abide by this policy may result in loss of selling privileges, funds being withheld, destruction of inventory in our fulfillment centers, and other legal consequences.

*Id.*

40. Amazon's Anti-Counterfeiting Policy further describes Amazon's commitment to preventing the sale and distribution of counterfeit goods in the Amazon Store, and describes the consequences of selling inauthentic products:

- Sell Only Authentic and Legal Products. It is your responsibility to source, sell, and fulfill only authentic products that are legal for sale. Examples of prohibited products include:
    - Bootlegs, fakes, or pirated copies of products or content
    - Products that have been illegally replicated, reproduced, or manufactured
    - Products that infringe another party's intellectual property rights
- Maintain and Provide Inventory Records. Amazon may request that you provide documentation (such as invoices) showing the authenticity of your products or your authorization to list them for sale. You may remove pricing information from these documents, but providing documents that have been edited in any other way or that are misleading is a violation of this policy and will lead to enforcement against your account.
- Consequences of Selling Inauthentic Products. If you sell inauthentic products, we may immediately suspend or terminate your Amazon selling account (and any related accounts), destroy any inauthentic products in our fulfillment centers at your expense, and/or withhold payments to you.
- Amazon Takes Action to Protect Customers and Rights Owners. Amazon also works with manufacturers, rights holders, content owners, vendors, and sellers to improve the ways we detect and prevent inauthentic products from reaching our customers. As a result of our detection and enforcement activities, Amazon may:
    - Remove suspect listings.
    - Take legal action against parties who knowingly violate this policy and harm our customers. In addition to criminal fines and imprisonment, sellers and suppliers of inauthentic products may face civil penalties including the loss of any amounts received from the sale of inauthentic products, the damage or harm sustained by the rights holders, statutory and other damages, and attorney's fees.
- Reporting Inauthentic Products. We stand behind the products sold on our site with our A-to-z Guarantee, and we encourage rights owners who have product authenticity concerns to notify us. We will promptly investigate and take all appropriate actions to protect customers, sellers, and rights holders.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

> You may view counterfeit complaints on the Account Health page in Seller Central.

*Id.*

41. Additionally, under the BSA, sellers agree that the information and documentation they provide to Amazon in connection with their selling accounts—such as identification, contact, and banking information—will, at all times, be valid, truthful, accurate, and complete. Specifically, the BSA requires that:

- As part of the application [process], you must provide us with your (or your business') legal name, address, phone number and e-mail address, as well as any other information we may request. Ex. B ¶ 1.
- You will use only a name you are authorized to use in connection with a[ny Amazon] Service and will update all of the information you provide to us in connection with the Services as necessary to ensure that it at all times remains accurate, complete, and valid. *Id.* ¶ 2.
- Each party represents and warrants that: (a) if it is a business, it is duly organized, validly existing and in good standing under the Laws of the country in which the business is registered and that you are registering for the Service(s) within such country; (b) it has all requisite right, power, and authority to enter this Agreement, perform its obligations, and grant the rights, licenses, and authorizations in this Agreement; (c) any information provided or made available by one party to another party or its Affiliates is at all times accurate and complete[.] *Id.* ¶ 5.

42. When Defendants registered as third-party sellers in the Amazon Store, and established their Selling Accounts, they agreed not to advertise, market, offer, distribute, or sell counterfeit products, and agreed to provide Amazon with accurate and complete information and to ensure that information remained accurate and complete.

43. Defendants also agreed to reimburse Amazon for any amounts that Amazon refunded to customers who purchased products from Defendants. The BSA provides:

- You will defend, indemnify, and hold harmless Amazon … against any … loss, damage, settlement cost, expense, or other liability … arising from or related to … Your Products, including the … refund … thereof[.] *Id.* § 6.1.
- If we determine that your actions or performance may result in returns, chargebacks, claims, disputes, violations of our terms or policies, violations of law or other risks to Amazon or third parties, then we may in our sole discretion withhold any payments to you for as long as we determine any related risks to Amazon or third parties persist. For any amounts that we



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

> determine you owe us, we may … collect payment or reimbursement from you by any other lawful means. *Id.* § 2.

**D. Defendants' Sale of Counterfeit lululemon-Branded Products.**

44. Defendants advertised, marketed, offered, distributed, and sold counterfeit lululemon-branded belt bags through the Selling Accounts. The counterfeit lululemon-branded belt bags sold by Defendants are identified and described in Attachment 1.

45. lululemon and its agents have conducted test purchases and/or reviewed physical samples and images of lululemon-branded belt bags offered for sale by the Selling Accounts. lululemon and its agents reported to Amazon that the products bore the lululemon Trademarks, that lululemon never authorized the use of the lululemon Trademarks on the products, and that lululemon determined the products were counterfeit based on deviations from authentic products, packaging, and labeling, as detailed in Attachment 1.

46. In addition, as further detailed in Attachment 1, certain Defendants submitted to Amazon invoices and letters of authorization that purported to show that their counterfeit products were supplied by lululemon. lululemon has confirmed that the invoices and letters of authorization were falsified.

47. On March 1, 2024, counsel for the Top Brand Offerings Selling Account contacted lululemon's counsel regarding lululemon's test purchase from, and Notice of Infringement to, the Top Brand Offerings Selling Account. The attorney asserted that the lululemon products offered for sale by the Top Brand Offerings Selling Account were authentic and sourced from a wholesaler. That same day, lululemon's counsel responded and identified certain discrepancies with the lululemon-branded bag that would not be found on genuine lululemon products and confirmed that the test-purchased product from the Top Brand Offerings Selling Account was counterfeit. lululemon's counsel further advised that lululemon does not sell its products to wholesalers and sent a cease-and-desist letter to the Top Brand Offerings Selling Account. Neither the Top Brand Offerings Selling Account nor its counsel responded further.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

48. On March 22, 2024, lululemon's counsel sent Ayla Goods and Manzalawi a cease-and-desist letter concerning counterfeit lululemon-branded belt bags sold through the AYLA Direct Selling Account. Ayla Goods and Manzalawi did not respond.

49. On May 17, 2024, lululemon's counsel sent Sunglasstree a cease-and-desist letter concerning counterfeit lululemon-branded belt bags sold through the MS Investments Selling Account. The letter was delivered and signed for on May 21, 2024. Sunglasstree did not respond.

**E. Defendants' Coordinated Sale of Counterfeit lululemon-Branded Products.**

50. On information and belief, Defendants operated in concert with one another in their advertising, marketing, offering, distributing, and selling of inauthentic lululemon-branded products. Defendants are associated through similar falsified invoices that they provided to Amazon, the same suspected supplier of the counterfeit goods at issue, and/or through common device identifying numbers and addresses that were used to access those Selling Accounts.

**F. Amazon Shut Down Defendants' Selling Accounts.**

51. Defendants falsely represented to Amazon and its customers that the counterfeit and infringing lululemon-branded products that they sold were genuine products made by lululemon. Defendants also knowingly and willfully used lululemon's IP in connection with the advertising, marketing, offering, distributing, and selling of counterfeit and infringing lululemon-branded products.

52. At all times, Defendants knew they were prohibited from violating third-party IP rights and any applicable laws while selling products in the Amazon Store, from providing inaccurate information to Amazon and its customers, from misrepresenting the authenticity of the products sold, and from misleading Amazon and its customers through their sale of inauthentic products. Defendants have breached the terms of their agreements with Amazon; deceived Amazon's customers and Amazon; infringed and misused the IP rights of lululemon; harmed the integrity of and customer trust in the Amazon Store; and tarnished Amazon's and lululemon's brands.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

53. After Amazon verified Defendants' sale of counterfeit lululemon-branded products, it blocked the Selling Accounts. In doing so, Amazon exercised its rights under the BSA to protect its customers and the reputations of Amazon and lululemon.

54. Amazon also proactively issued refunds to customers who purchased the counterfeit lululemon-branded products from Defendants in accordance with Amazon's refunds policies. Defendants have not reimbursed Amazon.

## V. CLAIMS

### FIRST CLAIM
***(by lululemon against all Defendants)***
**Trademark Counterfeiting and Trademark Infringement – 15 U.S.C. § 1114**

55. Plaintiff lululemon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

56. Defendants' activities constitute counterfeiting and infringement of the lululemon Trademarks as described in the paragraphs above.

57. lululemon owns the lululemon Trademarks, and it advertises, markets, offers, distributes, and sells its products using the lululemon Trademarks. lululemon uses the lululemon Trademarks to distinguish its products from the products and related items of others in the same or related fields.

58. Because of lululemon's long, continuous, and exclusive use of the lululemon Trademarks, the Trademarks are understood by customers and the public to signify products from lululemon.

59. Defendants unlawfully advertised, marketed, offered, distributed, and sold products bearing counterfeit and infringing versions of the lululemon Trademarks with the intent and likelihood of causing customer confusion, mistake, and deception as to the products' source, origin, and authenticity. Specifically, Defendants intended customers to believe, incorrectly, that the products originated from, were affiliated with, and/or were authorized by lululemon, and they likely caused such erroneous customer beliefs.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

60. As a result of Defendants' wrongful conduct, lululemon is entitled to recover its actual damages, Defendants' profits attributable to the infringement, treble damages, and attorneys' fees pursuant to 15 U.S.C. § 1117(a) and (b). Alternatively, lululemon is entitled to statutory damages under 15 U.S.C. § 1117(c) for Defendants' use of counterfeit marks.

61. lululemon is further entitled to injunctive relief, including an order impounding all counterfeit and infringing products and promotional materials in Defendants' possession. lululemon has no adequate remedy at law for Defendants' wrongful conduct because, among other things: (a) the lululemon Trademarks are unique and valuable properties that have no readily-determinable market value; (b) Defendants' counterfeiting and infringing activities constitute harm to lululemon and lululemon's reputation and goodwill such that lululemon could not be made whole by any monetary award; (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the counterfeit and infringing materials; and (d) the resulting harm to lululemon, due to Defendants' wrongful conduct is likely to be continuing.

## SECOND CLAIM
***(by lululemon and Amazon against all Defendants)***
**False Designation of Origin – 15 U.S.C. § 1125(a)**

62. Plaintiffs incorporate by reference the allegations of the preceding paragraphs as though set forth herein.

63. lululemon owns the lululemon Trademarks; it advertises, markets, offers, distributes, and sells its products using the Trademarks; and it uses the Trademarks to distinguish its products from the products and related items of others in the same or related fields.

64. Because of lululemon's long, continuous, and exclusive use of the lululemon Trademarks, the Trademarks are understood by customers, users, and the public, to signify products from lululemon.

65. Amazon's reputation for trustworthiness is at the heart of its relationship with customers. Defendants' actions in selling counterfeits pose a threat to Amazon's reputation because they undermine and jeopardize customer trust in the Amazon Store.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

66. Defendants unlawfully advertised, marketed, offered, distributed, and sold products bearing counterfeit versions of the lululemon Trademarks with the intent and likelihood of causing customer confusion, mistake, and deception as to the products' source, origin, and authenticity. Defendants' wrongful conduct misleads and confuses customers and the public as to the origin and authenticity of the goods and services advertised, marketed, offered, distributed, or sold in connection with the lululemon Trademarks, and wrongfully trades upon lululemon's goodwill and business reputation.

67. Further, Defendants deceived Amazon and its customers about the authenticity of the products they were advertising, marketing, offering, distributing, and selling, in direct and willful violation of the BSA and Amazon's Anti-Counterfeiting Policies. Defendants' deceptive acts were material to Amazon's decision to allow Defendants to sell their products in the Amazon Store because Amazon would not have allowed Defendants to do so but for their deceptive acts.

68. Defendants' misconduct has also caused Amazon to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from causing further harm to Amazon and its customers. Defendants' illegal acts have caused irreparable injury to Amazon and, on information and belief, that injury is ongoing at least to the extent that Defendants continue to establish selling accounts under different or false identities. An award of monetary damages alone cannot fully compensate Amazon for its injuries, and thus Amazon lacks an adequate remedy at law.

69. Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that products originate from or are authorized by lululemon, all in violation of 15 U.S.C. § 1125(a)(1)(A).

70. Plaintiffs are entitled to an injunction against Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below, along with attorneys' fees and costs incurred in investigating and bringing this lawsuit. Defendants' acts have caused irreparable injury to



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Plaintiffs. On information and belief, that injury is continuing. An award of monetary damages cannot fully compensate Plaintiffs for their injuries, and Plaintiffs lack an adequate remedy at law.

71. lululemon is further entitled to recover Defendants' profits, lululemon's damages for its losses, and lululemon's costs to investigate and remediate Defendants' conduct and bring this action, in an amount to be determined. lululemon is also entitled to the trebling of any damages award as allowed by law. Amazon is also entitled to recover its damages arising from Defendants' sale of counterfeit products in the Amazon Store.

**THIRD CLAIM**
***(by lululemon and Amazon against all Defendants)***
**Violation of Washington Consumer Protection Act, RCW 19.86.010, *et seq.***

72. Plaintiffs incorporate by reference the allegations of the preceding paragraphs as though set forth herein.

73. Defendants' advertising, marketing, offering, distributing, and selling of counterfeit lululemon-branded products constitute unfair and deceptive acts or practices in the conduct of trade or commerce, in violation of RCW 19.86.020.

74. Defendants' advertising, marketing, offering, distributing, and selling of counterfeit lululemon-branded products harm the public interest by deceiving customers about the authenticity, origin, and sponsorship of the products.

75. Defendants' advertising, marketing, offering, distributing, and selling of counterfeit lululemon-branded products directly and proximately causes harm to and tarnishes Plaintiffs' reputations and brands, and damages their business and property interests and rights.

76. Accordingly, Plaintiffs seek to enjoin further violations of RCW 19.86.020 and recover from Defendants their attorneys' fees and costs. lululemon further seeks to recover from Defendants its actual damages, trebled, and Amazon further seeks to recover from Defendants its actual damages, trebled, arising from Defendants' sale of counterfeit products.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

**<u>FOURTH CLAIM</u>**
***(by Amazon.com Services LLC[2] against all Defendants)***
**Breach of Contract**

77. Plaintiff Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

78. Defendants established Amazon selling accounts and entered into Amazon's BSA, a binding and enforceable contract between Defendants and Amazon. Defendants also contractually agreed to be bound by the policies incorporated by reference into the BSA, including Amazon's Anti-Counterfeiting Policy and other policies as maintained on the Amazon seller website.

79. Amazon performed all obligations required of it under the terms of the contract with Defendants or was excused from doing so.

80. Defendants' sale and distribution of counterfeit lululemon-branded products materially breached the BSA and the Anti-Counterfeiting Policy in numerous ways. Among other things, Defendants' conduct constitutes infringement and misuse of the IP rights of lululemon.

81. In furtherance of their sale and distribution of counterfeit lululemon-branded products, the Defendants that controlled the Top Brand Offerings Selling Account and the ThankYouBuyers Selling Account further breached the BSA and its incorporated policies by submitting falsified documents to Amazon in an effort to have their Selling Accounts reinstated following Amazon's suspension of the Accounts.

82. Additionally, Defendants breached the BSA by failing to reimburse Amazon for the amounts it paid, in accordance with Amazon's policies, to refund customers who purchased counterfeit products from Defendants.

83. Defendants' breaches have caused significant harm to Amazon, and Amazon is entitled to damages in an amount to be determined.

---

[2] For the Fourth Claim only, "Amazon" shall refer to Amazon.com Services LLC only.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A. That the Court enter an order permanently enjoining Defendants, their officers, agents, servants, employees, and attorneys, and all others in active concert or participation with them, from:

(i) selling counterfeit or infringing products in Amazon's stores;

(ii) selling counterfeit or infringing products to Amazon or any Amazon affiliate;

(iii) importing, manufacturing, producing, distributing, circulating, offering to sell, selling, promoting, or displaying any product or service using any simulation, reproduction, counterfeit, copy, or colorable imitation of lululemon's brand or trademarks, or which otherwise infringes lululemon's IP, in any store or in any medium; and

(iv) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iii) above;

B. That the Court enter judgment in Plaintiffs' favor on all claims brought by them;

C. That the Court enter an order requiring Defendants to provide Plaintiffs with all records in their possession, custody, and control related to Defendants' unlawful activities, including materials sufficient to identify their supplier(s) of the counterfeit lululemon-branded products;

D. That the Court enter an order pursuant to 15 U.S.C. § 1118 impounding and permitting destruction of all counterfeit and infringing products bearing the lululemon Trademarks or that otherwise infringe lululemon's IP, and any related materials, including business records and materials used to reproduce any infringing products, in Defendants' possession or under their control;



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

E. That the Court enter an order requiring Defendants to provide Plaintiffs a full and complete accounting of all amounts due and owing to Plaintiffs as a result of Defendants' unlawful activities;

F. That the Court enter an order requiring Defendants to pay all general, special, and actual damages which lululemon has sustained, or will sustain as a consequence of Defendants' unlawful acts, plus Defendants' profits from the unlawful conduct described herein, together with its statutory damages, and that such damages be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law, and that Amazon's damages, plus Defendants' profits, related to Defendants' activities involving the sale of counterfeit products be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law;

G. That the Court enter an order requiring Defendants to pay the maximum amount of prejudgment interest authorized by law;

H. That the Court enter an order requiring Defendants to pay the costs of this action and Plaintiffs' reasonable attorneys' fees incurred in prosecuting this action, as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law;

I. That the Court enter an order requiring that identified financial institutions restrain and transfer to Plaintiffs all amounts arising from Defendants' unlawful counterfeiting activities as set forth in this lawsuit, up to a total amount necessary to satisfy monetary judgment in this case; and

J. That the Court grant Plaintiffs such other, further, and additional relief as the Court deems just and equitable.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

DATED this 28th day of August, 2026.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*

*/s/ Scott Commerson*
Scott Commerson, WSBA #58085
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071-3460
Tel: (213) 633-6800
Fax: (213) 633-6899
Email: scottcommerson@dwt.com

# ATTACHMENT 1

## SELLING ACCOUNT 1:

Selling Account Name: AYLA Direct
Dates of Known Sales of lululemon-branded Products: February 1, 2024 – March 24, 2024

| Purported Product | Confirmation of Counterfeit |
|---|---|
| lululemon Athletica Everywhere Belt Bag, Black, 7.5 x 5 x 2 inches<br>ASIN[1]: B08V79CRMH | • On or about March 9, 2024, lululemon's agent conducted a test purchase of the listed product sold by the Selling Account.<br>• lululemon's agent inspected the test-purchased product and confirmed that it is counterfeit based on deviations in the product itself, its packaging, its labeling, or some combination thereof. |
| | • On or about May 8, 2026, Amazon sent to lululemon a sample of the product offered for sale by the Selling Account.<br>• lululemon received and inspected the sample product and confirmed that it is counterfeit based on deviations in the product itself, its packaging, its labeling, or some combination thereof. |

[1] "ASIN" is an abbreviation of "Amazon Standard Identification Number," which is a unique series of ten alphanumeric characters that is assigned to each product listed for sale in Amazon's stores for identification purposes.

**SELLING ACCOUNT 2:**

Selling Account Name: MS Investments
Dates of Known Sales of lululemon-branded Products: January 24, 2024 – May 20, 2024

| Purported Product | Confirmation of Counterfeit |
|---|---|
| lululemon Athletica Everywhere Belt Bag 1L - Sonic Pink<br><br>ASIN: B0BVXPVSCK | • On or about May 9, 2026, Amazon sent to lululemon a sample of the product offered for sale by the Selling Account.<br>• lululemon received and inspected the sample product and confirmed that it is counterfeit based on deviations in the product itself, its packaging, its labeling, or some combination thereof. |
| lululemon Athletica Everywhere Belt Bag 1L - Sonic Pink<br><br>ASIN: B0BVXPVSCK | • On or about February 7, 2025, Amazon provided lululemon with images of a sample of the product offered for sale by the Selling Account.<br>• lululemon examined the image and confirmed that the product is counterfeit based on deviations in the product itself, its packaging, its labeling, or some combination thereof. |
| lululemon Athletica Everywhere Belt Bag, Black, 7.5 x 5 x 2 inches<br><br>ASIN: B08V79CRMH | • On or about May 3, 2024, lululemon's agent conducted a test purchase of the listed product sold by the Selling Account.<br>• lululemon's agent inspected the test-purchased product and confirmed that it is counterfeit based on deviations in the product itself, its packaging, its labeling, or some combination thereof. |

**SELLING ACCOUNT 3:**

Selling Account Name: ThankYouBuyers
Dates of Known Sales of lululemon-branded Products: April 4, 2024 – June 11, 2024

| Purported Product | Confirmation of Counterfeit |
|---|---|
| lululemon Athletica Everywhere Belt Bag, Black, 7.5 x 5 x 2 inches<br><br>ASIN: B08V79CRMH | • On or about February 7, 2025, Amazon provided lululemon with images of a sample of the product offered for sale by the Selling Account.<br><br>• lululemon examined the image and confirmed that the product is counterfeit based on deviations in the product itself, its packaging, its labeling, or some combination thereof.<br><br>• lululemon also inspected invoices and a letter of authorization submitted to Amazon by the Selling Account that purportedly showed that the products were supplied by lululemon. lululemon confirmed that the documents were fabricated based on discrepancies between the documents and genuine lululemon invoices and letters of authorization. |

**<u>SELLING ACCOUNT 4:</u>**

Selling Account Name: Top Brand Offerings
Dates of Known Sales of lululemon-branded Products: November 11, 2023 – May 2, 2024

| Purported Product | Confirmation of Counterfeit |
|---|---|
| lululemon Athletica Everywhere Belt Bag, Black, 7.5 x 5 x 2 inches<br><br>ASIN: B08V79CRMH | • On or about February 13, 2024, lululemon's agent conducted a test purchase of the listed product sold by the Selling Account.<br>• lululemon's agent inspected the test-purchased product and confirmed that it is counterfeit based on deviations in the product itself, its packaging, its labeling, or some combination thereof.<br>• lululemon also inspected invoices and a letter of authorization submitted to Amazon by the Selling Account that purportedly showed that the products were supplied by lululemon. lululemon confirmed that the documents were fabricated based on discrepancies between the documents and genuine lululemon invoices and letters of authorization. |